May Term,
1834.

HOYT
v.
REED.

Friday,
May 30,

---

HOYT v. REED.

The payee of a note sold it before it was due, affirming the maker to be solvent; and the purchaser afterwards sued the seller in assumpsit, in consequence of the maker's insolvency, to recover back the money paid for the note. *Held*, that if five years had elapsed from the time the note became due, before the commencement of the suit, the statute of limitations might be pleaded.
The statute of limitations may be pleaded in a suit before a justice of the peace.

Friday,
May 30,

ERROR to the *Marion* Circuit Court.

BLACKFORD, J.—*Reed* commenced an action of assumpsit against *Hoyt*, in *November*, 1832, before a justice of the peace, and obtained a judgment. *Hoyt* appealed to the Circuit Court. The cause of action was as follows:—*Hoyt* sold to *Reed* a promissory note executed by *J. Johnson* and *J. Clements* to *Seely & Hoyt* or order, for the payment of 45 dollars. The note was dated in *November*, 1825, and was payable one year after date. The note was not assigned by *Hoyt*, but only delivered by him to *Reed; Hoyt* stating, at the time, that the makers were

solvent. The note was not due at the time of this transaction. The defendant pleaded the general issue and the statute of limitations.

It was proved that *Reed*, in consideration of the delivery to him of the note of *Johnson* and *Clements*, gave his note to *Hoyt* for 40 dollars, payable in furniture. *Hoyt* refused to assign the note, but stated that the makers were solvent and would pay the note on demand. It was also proved that *Johnson* and *Clements*, at the time *Reed* received the note, were insolvent, and continued to be so at the time the note became due, and when this action was brought. The Circuit Court gave judgment in favour of *Reed* for 57 dollars in damages.

The counsel for the plaintiff in error relies on two grounds for the reversal of this judgment. First, that as there was no fraud, nor any assignment of the note, there is no cause of action. Secondly, that the suit is barred by the statute of limitations. We shall not stop to examine the first error assigned, the case being clear on the second. The suit is founded on a parol agreement between the parties. *Reed* says, that *Hoyt* promised him, that if the makers did not pay the note, he would return to him, *Reed*, the amount which he paid *Hoyt* for the note. There was no promise in writing, nor was there, indeed, any express promise even by parol. All that *Reed* relies upon is, the assumpsit of *Hoyt* implied from the nature of the transaction. The circumstance, therefore, that the statute of limitations does not extend to written contracts, is no objection to its application in the present case.

*Johnson* and *Clements* being insolvent at the time the note was delivered to *Reed*, as well as at the time when it became due, the cause of action in favour of *Reed* against *Hoyt*, if any ever existed, could not have accrued at a later period than the time when the note became due, which was in *November*, 1826. The suit was not commenced before the justice until *November*, 1832; which was about six years after the cause of action can be supposed to have accrued. There is, consequently, no ground for saying that the time limited by the statute had not expired at the time when this suit was commenced.

The principal ground relied on by *Reed*, to avoid the statute, is, that it is not applicable to cases, which, like the present, are within the jurisdiction of a justice of the peace. This objection is without foundation. The words of the statute are, that "all

actions of debt on simple contract and for rent arrear, actions on the case, other than for slander, actions of account, trespass, trespass *quare clausum fregit*, detinue and replevin for goods and chattels, shall be commenced within five years after the cause of action accrued and not after." R. C. 1831, p. 401. This is a general provision, and must be considered applicable, not only to actions which must be commenced in the Circuit Court, but to those within the jurisdiction of a justice. There is no such exception to the statute as that contended for by *Reed*. It would be very unfortunate if there were. Statutes of limitations have always been considered exceedingly valuable; and have been, very appropriately, termed statutes of repose. They induce persons to settle their accounts much more frequently than they otherwise would; and they prevent, in innumerable instances, the institution of suits for demands which had been long before satisfied. We find nothing in the language of the statute, nor in its spirit, that would authorise us to exclude from its beneficial effects, the numerous and important contracts which are within the jurisdiction of justices of the peace.

It is our opinion, therefore, that the statute of limitations is a bar to the action under consideration, and that the judgment of the Circuit Court should have been for the defendant below.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. W. Wick*, for the plaintiff.
*C. Fletcher*, for the defendant.